```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------
MUVOX LLC,

                Plaintiff,         24-cv-9137 (JGK)

      - against -            **MEMORANDUM OPINION AND ORDER**

NETAKTION LLC,

                Defendant.
---------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Muvox LLC ("Muvox"), sued the defendant, Netaktion LLC ("Netaktion"), for infringement of U.S. Patent No. 11,899,713 (the "'713 Patent"). On May 12, 2025, the defendant moved to stay this patent infringement action pending the resolution of an ex parte reexamination of the '713 Patent currently being conducted by United States Patent and Trademark Office ("USPTO"). See ECF No. 19. The plaintiff opposes the motion. For the reasons that follow, the defendant's motion is **granted** and the case is stayed pending the outcome of the USPTO reexamination.

**I.**

    Unless otherwise noted, the following background facts are undisputed.

    The plaintiff commenced this patent infringement action on November 27, 2024, asserting that the defendant infringed the '713 Patent, which covers a system for categorizing music that

1

helps music publishers to provide streamed music to end users and enables end users to create personalized playlists. See Compl., ECF No. 1; Ex. 1 to Compl., ECF No. 1-1. According to the plaintiff, the technology used by the defendant infringes one or more claims of the '713 Patent. See Compl.

On February 11, 2025, not long after this litigation was initiated, Unified Patents, LLC, a non-party, filed a request for ex parte reexamination of the '713 Patent. See generally Ex. A to Dahlberg Decl., ECF No. 21-1. The USPTO granted the request for reexamination. See Ex. B to Dahlberg Decl., ECF No. 21-2. The reexamination challenges the validity of all claims of the '713 Patent.

As of the filing of this motion for a stay, Netaktion has not filed an answer in this case, discovery has not commenced, and the Court has not yet held a Rule 16 conference or issued a scheduling order. There have been no substantive motions or proceedings.

The plaintiff opposes the stay, arguing principally that a stay would delay adjudication of this dispute significantly and hamper the plaintiff's ability to enforce its patent rights.

## II.

District courts possess the inherent authority to stay proceedings in the interests of judicial economy and efficient case management. See Louis Vuitton Malletier S.A. v. LY USA,

Inc., 676 F.3d 83, 96-97 (2d Cir. 2012). This authority includes the discretion to stay a patent action pending the outcome of USPTO reexamination proceedings. See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008); Tour Tech. Systems, LLC v. Ice Portal, Inc., No. 11-cv-3912, 2012 WL 13098725, at *2 (E.D.N.Y. Oct. 22, 2012).

Courts evaluating whether to stay a case in these circumstances generally consider the following three factors: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." Rovi Guides, Inc. v. Comcast Corp., No. 16-cv-9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017); see also Lederer v. Avotec, Inc., No. 16-cv-966, 2017 WL 11113809, at *3 (E.D.N.Y. Aug. 15, 2017).[1]

**III.**

**A.**

The reexamination pending before the USPTO has the potential to simplify this case substantially or to eliminate the need for litigation altogether.

The *ex parte* reexamination of the '713 Patent encompasses the core claims asserted in this litigation. See Goodman v. Samsung Electronics America, Inc., No. 17-cv-5539, 2017 WL

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

5636286, at *2 (S.D.N.Y. Nov. 22, 2017). If any of the claims of the '713 Patent is amended or canceled, the scope of the litigation could be reduced or the case rendered moot. See Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). Even if the '713 Patent remains valid post-reexamination, the reexamination record could inform claim construction and other issues in this case, streamlining the litigation.

There is a "substantial risk of wasting the resources of this Court and the parties" if the Court proceeds to decide issues before the USPTO has resolved its reexamination. Aerotel, Ltd. v. IDT Corp., No. 03-cv-6496, 2003 WL 23100263, at *2 (S.D.N.Y. Dec. 30, 2003). In sum, permitting the reexamination to run its course will conserve judicial and parties' resources, avoid unnecessary motion practice, and potentially eliminate the need for litigation altogether. Accordingly, this factor weighs strongly in favor of a stay.

## B.

The early procedural posture of this case supports a stay. The defendant has not answered the complaint. No trial date has been set. The risk of duplicative litigation, waste of judicial resources, or inconsistent outcomes is high if the Court

4

proceeds while the USPTO's reexamination is still pending. "It would not be at all difficult to pause the proceedings at this very early stage." Goodman, 2017 WL 5636286, at *2.

C.

The plaintiff will not suffer undue prejudice from a temporary stay. The prejudice inquiry is informed by factors including the timing of the requests for reexamination and for the stay and whether the timing suggests that the movant is attempting to gain tactical advantage; the status of the reexamination proceedings; and the relationship between the parties. See Lederer, 2017 WL 11113809, at *5.

In this case, the defendant moved to stay this litigation before filing an answer and within three months of the case's commencement. Courts have routinely concluded that delays of several months, or even up to a year, do not themselves constitute undue prejudice. See Goodman, 2017 WL 5636286, at *3. The USPTO has already granted the petition for ex parte reexamination. This fact also weighs in favor of granting a stay. See Lederer, 2017 WL 11113809, at *6.

There is no evidence that the defendant seeks to gain an unfair tactical advantage in requesting a stay. The reexamination was filed by an unrelated third party, and the request for a stay was filed early in the litigation, not following any adverse ruling. See Sanofi-Synthelabo v. Apotex

Inc., No. 02-cv-2255, 2010 WL 1541435, at *2 (S.D.N.Y. Apr. 15, 2010) (denying a stay in view of the "extremely late stage of this protracted litigation," where the court had already conducted a trial and found the patent at issue valid).

There is also nothing in the record to suggest that the parties are direct competitors. Whether parties operate in the same market is relevant to the prejudice inquiry because a stay might otherwise risk distorting competitive conditions. See Goodman, 2017 WL 5636286, at *3. Therefore, the relationship between the parties in this case does not weigh in favor of finding undue prejudice.

Taken together, these considerations weigh against a finding of undue prejudice and support a stay.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to stay is **granted**. This action is **stayed** pending the conclusion of the ex parte reexamination of the '713 Patent by the USPTO. The parties should provide a

status report within fourteen (14) days after the conclusion of the reexamination proceeding.

**SO ORDERED.**

Dated:   New York, New York
         July 11, 2025

                                        _____
                                        John G. Koeltl
                                        United States District Judge